UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH JOHN CORA,

    Plaintiff,

v.

KOKE REMODELING, LLC D/B/A
EXOTIC LIVE EDGE SLABS,
RICHARD J. KOKE,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JOSEPH JOHN CORA, brings this action against Defendants, KOKE REMODELING, LLC D/B/A EXOTIC LIVE EDGE SLABS and RICHARD J. KOKE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JOSEPH JOHN CORA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate text and telephone communication with Defendants.

4. At all times material hereto, Defendant, KOKE REMODELING, LLC D/B/A EXOTIC LIVE EDGE SLABS, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of carpentry and furniture manufacturing, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced

herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, RICHARD J. KOKE, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, KOKE REMODELING, LLC D/B/A EXOTIC LIVE EDGE SLABS, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of KOKE REMODELING, LLC D/B/A EXOTIC LIVE EDGE SLABS. Accordingly, RICHARD J. KOKE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, paper and wood-working machinery.

7. Plaintiff JOSEPH JOHN CORA worked for Defendants as a carpenter.

8. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791